UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERNEST CAMPO AND ANTIONETTE CAMPO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7324** |
| **STATE FARM INSURANCE COMPANY AND MEL NELSON** | **SECTION B(3)** |

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand (Rec. Doc. No. 3). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED.**

### *BACKGROUND*

On or about August 29, 2005, Plaintiffs sustained significant damage to their residence located at 1905 Yscloskey Highway, St. Bernard, Louisiana as a result of Hurricane Katrina. Plaintiffs' relevant State Farm Insurance Company ("State Farm") Policy was effective on August 29, 2005.

On August 8, 2006, Plaintiffs filed suit against Defendants, State Farm and Mel Nelson in the Civil District Court for the Parish of Orleans. Plaintiffs generally alleged claims of breach of contract, bad faith and negligence. Defendants removed the matter to federal court claiming that federal subject matter exists pursuant to diversity of citizenship and federal question jurisdiction.

Defendants contend that diversity of citizenship jurisdiction exists as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties. State Farm argues that the non-diverse insurance agent, Mel Nelson ("Nelson"), was improperly joined as a defendant. Defendants further contend that federal question jurisdiction exists under the Multiparty, Multiforum Trial Jursidiction Act (MMJTA) pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).

Plaintiffs contend that Nelson was properly joined as a defendant; therefore, diversity of citizenship is destroyed. Further, Plaintiffs contend that the MMJTA is not applicable. Therefore, Plaintiffs claim this Court lacks jurisdiction and moves the Court to remand.

*LAW AND ANALYSIS*

**A.      Improper Joinder**

Civil actions may be removed from state court when the United States district courts have original jurisdiction. 28 U.S.C. § 1441(a). However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b). All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

In certain circumstances, however, a party may remove by showing that a nondiverse party was improperly joined. *Id.* There are two ways to establish improper joinder: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case." *Id.* Ultimately, the test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.* "In that respect, it is well settled that 'a complaint should not be

dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The scope of inquiry, however, is somewhat broader than that for Rule 12(b)(6) because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Ross v. Citifinancial*, *Inc.*, 344 F.3d 458, 461 (5th Cir. 2003) (citing *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003)). Any doubt as to federal jurisdiction should be resolved in favor of remand. *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Louisiana Revised Statute 9:5606 provides a one year prescriptive period and three year peremptive period for claims against insurance agents. The statute provides in relevant part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
> LA. REV. STAT. ANN. § 9:5606 (2006).

Louisiana law imposes a duty on the insured to read and to know his insurance policy provisions. *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D. La. 2006) (citing *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La.App. 12/6/95). Insurance agents "have a duty only to use reasonable diligence in attempting to place the insurance requested." *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at*10 (E.D. La. 7/21/06) (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La.1973)). Louisiana law, however, does not impose a duty on agents to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the

3

right type of coverage." *Id.*  Generally, the peremptory period properly runs from the original date of purchase and is not tolled, suspended, or restarted by any subsequent renewals absent (1) some evidence that the agent made later negligent misrepresentations, and (2) that Plaintiff(s) justifiably relied upon them. *Id.* at *10-*11.

To determine whether Plaintiffs' claims are perempted, the Court must first determine at what moment in time the peremptive period began to run, ie- when the negligence occurred, or when it was discovered or should have been discovered by Plaintiffs.  Plaintiffs assert in their petition for damages that Nelson was negligent for failing to properly and accurately advising plaintiffs of applicable exclusions in their policy and for failing to provide them with a copy of the policy and explaining the applicable exclusions.  (Rec. Doc. No. 1-2 at 2-3).

Plaintiffs' policy was originally purchased from State Farm on May 30, 1984.  Although this purchase date falls well outside the three year maximum peremptive period, annual policy renewals may serve to toll peremption.  Here, Plaintiffs renewed the subject policy from year to year.  In May of 2005, the policy at issue was converted from a HO3 policy to a HOW policy.  Although it is disputed whether Nelson made misrepresentations or negligently concealed vital information at the May 2005 renewal, any doubt must be resolved in Plaintiffs' favor.  Moreover, Nelson does not state in his affidavit that he did not commit the alleged negligent acts at the May 2005 renewal or at any other time within the three year peremptive period.  Therefore, assuming Plaintiffs offer adequate evidence that Nelson made negligent misrepresentations or negligently omitted vital information and Plaintiffs justifiably relied upon these communications within three years of the suit being filed, their claims are not perempted.

In addition, Plaintiffs' claims are not prescribed.  Plaintiffs assert that their claims fall within one year from the date that Nelson's alleged  negligent act  was discovered or discoverable.  Any

4

defects in Plaintiffs' policy were reasonably discoverable after Hurricane Katrina. Plaintiffs filed suit on August 8, 2006; therefore, their claims fall within the one year prescriptive period. Thus, the Court finds that Defendants have not proven that Plaintiffs do not stand a reasonable possibility of prevailing against Nelson under Louisiana law. Consequently, Nelson was properly joined.

**B.   Jurisdiction pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).**

State Farm contends that jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B) considering: (1) Plaintiffs' claims arose from Hurricane Katrina and (2) State Farm was a defendant in multiple Katrina-related matters when the Notice of Removal was filed. 28 U.S.C. § 1369(a) provides that:

> [t]he district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if–
>
> (1) a defendant resides in a State and a substantial part of the accident took place in another State or the other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>
> (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>
> (3) substantial parts of the accident took place in different States.

28 U.S.C. § 1441 (e)(1)(B) provides that:

> a defendant in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if . . . the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not

5

have been brought in a district court as an original matter.

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and/or 1441(e)(1) when the action arises from "a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). An "accident" must be a "sudden accident, or natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)4.

The Eastern District has consistently declined to extend jurisdiction under 28 U.S.C. §§ 1369 and 1441(e)(1) to cases arising out of Hurricane Katrina for failure to satisfy the "single accident" requirement.[1] Therefore, 28 U.S.C. §§ 1369 and 1441(e)(1) are inapplicable and jurisdiction does not exist. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED**.

New Orleans, Louisiana this 16th day of March, 2007.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

---

[1] See *Southhall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (holding Hurricane Katrina was not an "accident" within the meaning of the statute); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013 (E.D. La. September 14, 2006) (holding levee breaches throughout New Orleans fail to satisfy the statutory definition of an "accident"); *Southern Athletic Club, L.L.C. v. Hanover Ins. Co.*, 2006 WL 2583406 (E.D. La. September 6, 2006) (noting Hurricane Katrina does not satisfy the statutory definition of an "accident" and the narrow jurisdiction under 28 U.S.C. § 1369 is not intended unless there are many plaintiffs and many defendants).